BRIAN K. RAYNOR and CAMILLE A. McCANN, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Raynor v. Commissioner
Docket No. 9421-82.
United States Tax Court
T.C. Memo 1983-593; 1983 Tax Ct. Memo LEXIS 189; 46 T.C.M. (CCH) 1509; T.C.M. (RIA) 83593; September 26, 1983. Brian K. Raynor, pro se. Daniel J. Wiles, for the respondent. TANENWALD MEMORANDUM FINDINGS *190 OF FACT AND OPINION TANNENWALD, Judge: Respondent determined a deficiency of $540 in petitioners' 1978 Federal income tax. The sole issue for decision is whether petitioners are entitled, under section 152(e), [1] to claim Camille A. McCann's (Camille's) two minor children as dependents when a written separation agreement entitles Camille's ex-husband, John R. Harrison (John), to claim them. This case was submitted fully stipulated pursuant to Rule 122. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioners resided in Crofton, Maryland, when their petition was filed herein. John and Camille were married in 1962 and had two children. On February 27, 1969, John and Camille entered into a written "Child Custody, Property Settlement and Separation Agreement." The agreement established child support payments and provided, inter alia, that "the parties hereto agree that subject to the regulations *191 of the Internal Revenue Service that the Husband shall be entitled to claim the Children as dependents." [2] Because John and Camille were both residents of Maryland at the time, the agreement also provided that it was to be governed by Maryland law. John and Camille received a final decree of divorce a vinculo matrimonii from a Maryland court on February 16, 1971. The decree gave Camille custody of the children, awarded child support and provided that "the provisions of the agreement dated February 27, 1969, between the parties as to property settlement, be approved by the Court and made part of this Decree." During 1978, John paid in excess of $600 for child support for each of the two children in Camille's custody. Section 152(e)(1) provides generally that if a child receives over half his support from his parents who are divorced or legally separated, then the parent with custody *192 a greater portion of the year is entitled to claim that child as a dependent. Section 152(e)(2)(A), however, provides that the child of such parents-- shall be treated as having received over half of his support during the calendar year from the parent not having custody if-- (A) (i) the decree of divorce or of separate maintenance, or a written agreement between the parents applicable to the taxable year beginning in such calendar year, provides that the parent not having custody shall be entitled to any deduction allowable under section 151 for such child, and (ii) such parent not having custody provides at least $600 for the support of such child during the calendar year * * *. The parties agree that the second part of this test has been met. Therefore, the only question is whether the written agreement between John and Camille is applicable. Petitioners contend that the agreement (1) is invalid because it was not incorporated in the divorce decree; (2) is invalid and/or should be ignored because John allegedly failed to comply with certain of its provisions; and (3) should be ignored because petitioners provided over half the children's support. [3] Each of these *193 arguments is meritless. Under Maryland law, the provisions of a written separation agreement, being embodied in a contract, , are not invalid merely because they are not incorporated in the divorce decree. As the Maryland Court of Appeals noted in , quoting 1 Nelson on Divorce, ch. 13, sec. 13.54 (2d ed. 1945): A support or property agreement is not invalid nor unenforceable merely because it is not embodied in the divorce decree, if not in conflict with such decree…. A support or property agreement is not affected by the subsequent decree of divorce, if such settlement is neither incorporated in the decree, disapproved by the decree, nor superseded by provisions of the decree. See also . Even if we assume that the decree *194 incorporated only that part of the agreement relating to the "property settlement," we are unable to perceive any conflict between that provision and the provisions of the agreement relating to the allocation of the dependency exemption. Cf. . Certainly, petitioners have not carried their burden of proof (see Rule 142(a)) that any conflict exists. Petitioners contend on brief that Camille and her attorney "intended and believed that the divorce decree eliminated all provisions of the separation agreement except the property settlement." Not only is that contention unsupported by any evidence of record, but it is doubtful whether evidence of such intention would be sufficient to enable petitioners to carry their burden of proof. See . Petitioners' contentions concerning John's alleged failure to comply with certain of the agreement's provisions are equally without merit. First, petitioners presented no evidence of John's alleged failure to comply. Rule 142(a). Second, petitioners failed to show how such alleged failure would have voided the dependency *195 exemption provision. Finally, we cannot ignore the agreement on the "fair, just and reasonable" ground that John may have been in breach of it. See . Petitioners' contention that it would be neither "fair", "just" nor "reasonable" to deny them the dependency exemption since they allegedly contributed "over 80%" of the children's support must also be rejected. Regardless of how unfair section 152(e)(2)(A) may seem to petitioners, we simply cannot ignore this provision, which is so clear on its face. See ;; Decision will be entered for the respondent.
Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code of 1954, as amended and in effect during the year in issue and all references to Rules are to the Tax Court Rules of Practice and Procedure.↩
2. The agreement also provided that "this agreement shall be incorporated, subject to approval by Court, in any temporary or final decree of litigation between the parties concerning their marriage" and that each party had discussed the contents of the agreement with independent counsel.↩
3. Petitioners do not contend that the dependency exemption provision at issue herein was not designed to be operative for income tax purposes. Compare .↩